■ In the Matter of the Claim of ROSE MANTELL, Respondent, against OHRBACH'S, INC. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. On April 3, 1953 the claimant in the course of her employment fell, striking her left hip. She sustained ruptured varicose veins of the left leg, contusions and hematoma of the left leg, knee and hip, and sprain of the lower abdominal muscles. The doctors who examined the X rays taken at that time found no fracture. The claimant returned to work on April 20, 1953 and she was paid compensation for one week. She continued to experience pain in her hip and lower back which became so bad that she consulted a Dr. Nelson on March 28, 1956. Dr. Nelson testified that X rays which he took showed a destroyed head of the femur with mushrooming of the head, degeneration and flattening with a spread of the head inferiorly and secondary fracture of the rim of the acetabulum. He performed surgery in which he removed the head of the femur and replaced it with a steel head. He indicated that the fracture could have resulted from the trauma received in the fall in 1953. It was his opinion that an injury had created the damage to the head of the femur and that assuming the fall in 1953 it had given rise to the necessity for the operation although he admitted that it had not caused the claimant's condition of osteoarthritis. Three doctors were of the opinion that there was no causal relationship between the fall and the operation. The Referee disallowed the claim but the board reversed and made an award, finding that the fall accelerated the claimant's arthritic condition and necessitated the surgery. The question of causal relationship was sharply disputed and presents a highly debatable issue but it was within the province of the board, if it saw fit, to accept the testimony of Dr. Nelson. His testimony, in our view, constitutes substantial evidence in support of the board's decision. Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Coon, Gibson and Reynolds, JJ., concur; HERLIHY, J., dissents and votes to reverse in the following memorandum: I have no serious dispute as to the facts set forth in the majority memorandum but it should be emphasized that the claimant did not testify — as to causal relation — although present at many of the hearings. The only evidence to sustain the award was that given by Dr. Nelson, who examined the claimant in 1956, approximately three years following the original injury. In his report of operation dated April 18, 1956 and part of the hospital records, the doctor did not associate the condition which he found and the subsequent operation with the accident of 1953, nor is there any reference to a fracture of the rim of the acetabulum which later was a basis for his opinion of association between the 1956 condition and the 1953 accident. The first such report was a statement dated February 21, 1957, approximately eleven months following the operation in which he stated he believed the 1953 accident was a cause of the complaints which necessitated the operation. Subsequently when testifying, he was asked to assume a history of the occurrence on April 3, 1953 as given him by claimant — an entirely unsatisfactory basis as evidenced by the record — and answered by stating the fracture he found on his examination in 1956 *could have been* the result of the earlier accident in April, 1953, and that it *could have been* due to the trauma resulting from the fall. While it is recognized there are circumstances which justify using the phraseology "could have been", it should not be the sole basis for an award where there was neither a proper hypothetical question propounded nor other substantial foundation for the answer. In my opinion,

a review of the record as a whole does not sustain the board. (*Matter of McCormack* v. *National City Bank*, 303 N. Y. 5, 9.) The Referee and one board member found no causal relationship between the April, 1953 accident and the operation in 1956. The testimony of the doctor — only witness for claimant — is not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". (*Matter of Kopec* v. *Buffalo Brake*, 304 N. Y. 65, 71.) His testimony as an expert lacks probative force as his conclusions "could have been" in relation to this claim were "contingent, speculative or merely possible". (*Matter of Riehl* v. *Town of Amherst*, 308 N. Y. 212, 216; *Matter of Burris* v. *Lewis*, 2 N Y 2d 323, 327.) Decision and award should be reversed and the claim dismissed.